## NEW YORK COMMON PLEAS.

WILLIAM KELLOGG agt. JAMES WILKIE, JR. and others.

A sale of chattels is not *absolutely void* as against creditors when unaccompanied by a change of possession.

The continuing in possession by the vendor after the sale affords the strongest presumptive evidence of fraudulent intent, and amounts to conclusive proof unless rebutted and overthrown by testimony showing the sale to have been made in good faith, and without intent to defraud creditors.

But when any proof bearing upon the question of intent or good faith is given, it must be submitted to the jury or the justice who tries the cause, to be determined like any other question of fact. The court cannot determine the question as one of law.

*General Term, June,* 1862.

DALY, BRADY and HILTON, *Judges.*

APPEAL from judgment of district court.

By the court, HILTON, J.    The counsel for the defendants is mistaken in supposing that " a sale of chattels is absolutely void as against creditors when unaccompanied by a change of possession."

The statute declares that every such sale, unless accompanied by an immediate delivery and followed by an actual and continued possession of the things sold, shall be presumed fraudulent and void, as against the creditors of the vendor, and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming under such sale that the same was made in good faith and without any intent to defraud such creditors.    (3 *R. S., 5th ed.,* 220, § 5.)

Thus, the continuing in possession by the vendor after the sale, affords the strongest presumptive evidence of fraudulent intent, and amounts to conclusive proof, unless rebutted and overthrown by testimony showing the sale to have been made in good faith, and without intent to defraud the creditors.    But when any proof bearing upon the question of intent or good faith is given, it must be submitted to the jury to be determined by them like any other question of fact.    The court cannot withhold it from them, and determine the question as one of law.    (*Smith & Hoe* agt. *Acker,* 23 *Wend.,* 653 ; *Cole* agt. *White,* 26 *id.,* 511 ; *Hanford* agt. *Archer,* 4 *Hill,* 271 ; *Vance* agt. *Phillips,* 6 *id.,* 433 ; *Thompson* agt. *Blanchard,* 4 *Comst.,* 307.)

In this case the proof on the part of the plaintiff shows that he purchased the contents of the store at its full value, giving for it his own note at three months for $300, and a note of a son of one of the owners for $25, with two years' interest.    That the purchase was made on the evening of January 14 ; that the next day the vendors remained in the store, selling goods as usual, but for his account ; but on

the 16th he took possession wholly, and so continued up to the following day, when the sheriff, under the direction of the defendants, entered the store and took the goods found there, upon an attachment in their favor against the parties of whom the plaintiff purchased. Of the property thus taken, $34 in value was put in by the plaintiff after he acquired possession.

It also appeared that his note had been passed away to one of the creditors of the vendors in extinguishment of their debt to him for a less amount, he paying them the difference in cash, and it was not shown that the plaintiff at the time of his purchase had any knowledge of the pecuniary difficulties of the vendors, or participated in any intent on their part to defraud their creditors.

Under these circumstances, the question of intent was particularly one for the justice who tried the cause to pass upon, and we cannot interfere with his judgment. We do not deny that upon the printed evidence before us the case is one not wholly free from suspicion of fraud, and had the justice found the other way we would not have felt disposed to disagree with him; yet we must presume that, having the witnesses before him, he was much better qualified to determine as to their credibility and the good faith of the transaction, than we could possibly be from a mere reading of the evidence.

And we may make the same remarks respecting his conclusion as to the value of the property, with this addition, however, that after having found the transaction free from fraud, he could not well have fixed the value at less than the plaintiff paid at the time of his purchase, which was at most but two days prior to the taking of the same property under the defendants' attachment.

Judgment affirmed.